## GLENN, Trustee, etc., *v.* WALKER.

### SAME *v.* SCOTT.

*(Circuit Court, W. D. Virginia.* March 22, 1886.)

REMOVAL OF CAUSE—SUIT NOT ORIGINALLY WITHIN JURISDICTION OF CIRCUIT COURT—ACT OF 1875.

G., a citizen of Maryland, as trustee and assignee of a corporation chartered under the laws of Virginia, instituted suit against W. & S., citizens of Virginia, in a court of that state, and on motion of plaintiff the case was removed to the circuit court of the United States, whereupon defendants moved to remand. *Held,* that the suit was removable, and that the motion should be overruled.

Motion to Remand to the corporation court of the city of Lynchburg.

These suits were instituted in the corporation court for the city of Lynchburg against Walker & Scott, citizens of Lynchburg, Virginia, by Glenn, trustee, a citizen of Baltimore, Maryland, and assignee of the National Express & Transportation Company, a corporation chartered under the laws of the state of Virginia. On the motion of the non-resident plaintiff they were removed to the United States circuit court for the Western district of Virginia.

*L. M. Kean,* for Walker & Scott, argued that *Claflin* v. *Insurance Co.,* 110 U. S. 81, S. C. 3 Sup. Ct. Rep. 507, does not control these cases, because *Claflin* v. *Insurance Co.* might have been removed, as it was, under the law as it existed before third March, 1875; and that, therefore, the only legitimate effect of that decision was that a case removable on third March, 1875, was also removable after that act; that the construction given to the former acts had been given under the rule to "read the whole act together, and give effect to every part of it;" and that the application of the same rule to the act of third March, 1875, led to the construction that the limitation of section 1 applied to section 2; that to read sections 1 and 2 separately would be to nullify the plain language of the act, and that, in so far as *Claflin* v. *Insurance Co.* was inconsistent with this view, it was on questions not necessary to the decision of the case before the court, and *obiter dictum;* that the principle on which the cases had been decided before third March, 1875, was *not* to read sections *separately,* but to read the whole act together, and *give effect to every part of it.*

*John Howard* and *Ed. S. Brown, contra.*

PAUL, J. It is unnecessary for the court to discuss at length, or to review in detail, the various propositions presented by counsel, and so ably argued during the consideration of this motion. The important questions raised here have all been settled by precedents that leave this court without embarrassment as to the decision it must render. The discussion here, as in the cases quoted in argument,

v.27F.no.8—37

turns chiefly upon the construction to be given to sections 1 and 2 of the act of congress of March 3, 1875, corresponding in the main to the provisions of sections 11 and 12 of the judiciary act of 1789.

It is contended by counsel for the defendants that sections 1 and 2 of the act of March 3, 1875, are to be regarded *in pari materia,* and are to be construed together; and that when thus construed they deny to this court jurisdiction of a cause which could not originally have been brought in this court, but which has been brought in a state court, and removed into this court under section 2 of said act; while counsel for the plaintiffs argue that sections 1 and 2 of said act must be construed separately, and that, when thus construed, these cases do not fall within that provision of section 1, act 1875, which says:

"Nor shall any circuit or district court have cognizance of any suit founded on contract in favor of an assignee, unless a suit might have been prosecuted in such court to recover thereon if no assignment had been made. except in case of promissory notes negotiable by the law-merchant, and bills of exchange."

The decisions under the judiciary act of 1789, in *Bushnell* v. *Kennedy,* 9 Wall. 387; under the local prejudice act of 1867, in *City of Lexington* v. *Butler,* 14 Wall. 289; under the act of March 3, 1875, in *Claflin* v. *Insurance Co.,* 110 U. S. 81, S. C. 3 Sup. Ct. Rep. 507, —all decide against the proposition that sections 1 and 2 of the act of 1875 must be construed together, and that, when thus construed, the restriction upon the commencement of suits contained in section 1 applies to the removal of suits under section 2. The argument of counsel for the defendants, supported chiefly by the able opinions of Judges McCrary and Bunn, however persuasive it might be were this a case of first impression, cannot prevail against the well-settled decisions of the United States supreme court. The decisions of the circuit courts referred to were rendered prior to the decision of the supreme court in *Claflin* v. *Insurance Co.* This decision is conclusive of this question. It leaves this court but one course to pursue.

The motion to remand must be overruled.