## HAROLD *v.* IRON SILVER MIN. Co.

*(Circuit Court, D. Colorado. January 4, 1888.)*

REMOVAL OF CAUSES—DISTRICT WHERE SUIT MAY BE BROUGHT—ACT OF MARCH 3, 1887.

An action was brought in a state court of Colorado, in which the plaintiff was an alien, and the defendant a New York corporation. On application to docket the cause in the United States circuit court for the district of Colorado, *held* that, under the act of 1887, (24 St. 552,) which provides that a suit between citizens of different states shall be brought only in the district where either the plaintiff or defendant resides, the case was not transferable.

Application to Docket Case.

The plaintiff, Mary Harold, brought suit in the district court of Colorado for Lake county against the Iron Silver Mining Company for damages. Defendant made application to said court to remove the cause to the United States circuit court, which was denied. Defendant then applied to the United States circuit court for leave to docket said cause.

*Charles D. May*, for plaintiff.

*Frank W. Owens*, for defendant.

HALLETT, J. Plaintiff brought suit in the district court of Lake county for damages resulting from the death of her son through defendant's negligence, while the son was at work in defendant's mine. The suit is founded on a statute of the state. Alleging that it is a New York corporation, and that plaintiff is a citizen of Great Britain, residing in Ireland, defendant applied in apt time to the district court to remove the cause into this court, and the petition was denied. Defendant now asks to docket the case in this court, and to proceed with it here as properly within the jurisdiction of this court. The question is whether a suit between an alien, residing abroad, and a citizen of New York, may be removed from a court of the state into this court on petition of defendant. In *Mining Co.* v. *Markell, ante,* 386, it was held that under the act of 1887, (24 St. 552,) a suit between citizens of different states may be brought only in the district where the plaintiff resides, or where the defendant resides. The same limitation appears to be applicable to a suit between an alien and a citizen of a state. As neither the plaintiff nor defendant is a citizen or resident of the state of Colorado, this court has not jurisdiction of the case. The petition to remove was properly denied in the district court of the state, and the application to docket the cause in this court must be denied. The circuit judge concurs.