## GLASS v. CONCORDIA PARISH POLICE JURY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
EASTERN DISTRICT OF LOUISIANA.

No. 229. Submitted January 8, 1900. — Decided January 29, 1900.

The warrants and orders sued on in this case were payable to the order of
Matthew Carr, deceased, who was a citizen of the State of Louisiana.
They were assets of his estate, and the plaintiff in error acquired title to
them through a judicial sale made by the sheriff of the parish of Con-
cordia on the 22d day of May, 1868, under authority of an order of the
probate court of said parish having the administration of said estate.
The plaintiff in the suit was, at the date of his said purchase, and at
the date of filing his original petition herein, a citizen of the State of
Missouri, and the defendant was a citizen of the State of Louisiana.
Held, that the plaintiff came within the restriction of § 1 of the act of
March 3, 1875 : "Nor shall any Circuit or District Court have cognizance
of any suit founded on contract in favor of an assignee, unless a suit
might have been prosecuted in said court to recover thereon if no
assignment had been made, except in cases of promissory notes negoti-
able by the law merchant, and bills of exchange," and that the Circuit
Court below correctly held that jurisdiction could not be sustained.

THIS was a suit brought in the Circuit Court of the United
States for the Eastern District of Louisiana by William C.
Glass, a citizen of the State of Missouri, against the parish of
Concordia, to recover on certain warrants or orders for levee
work; and, having been dismissed for want of jurisdiction,
came to this court on the following certificate:

"This cause was tried at the present term of the court
solely on the defendant's exception to the jurisdiction of the
court, and it appearing from the jurisdictional facts alleged in
plaintiff's petition, admitted to be true by said exception, that
the warrants and orders sued on were payable to the order
of Matthew Carr, deceased, who was a citizen of the State of
Louisiana, and were assets of his estate, and that the plaintiff
acquired title thereto through a judicial sale made by the
sheriff of the parish of Concordia on the 22d day of May,
1868, under authority of an order of the probate court of said
parish having the administration of said estate; that plaintiff

at the date of his said purchase and at the date of filing his original petition herein, on the 2d day of November, 1877, was a citizen of the State of Missouri, and that the defendant was a citizen of the State of Louisiana. Under the state of facts the only question at issue upon the trial of said exception was whether the case, for the purpose of jurisdiction, comes within the following restriction imposed by section 1 of the act of Congress approved March 3, 1875: 'Nor shall any Circuit or District Court have cognizance of any suit founded on contract in favor of an assignee, unless a suit might have been prosecuted in such court to recover thereon if no assignment had been made, except in cases of promissory notes, negotiable by the law merchant, and bills of exchange.' And the court, for the reasons set forth in the written opinion hereto annexed and made part hereof, has this day maintained the defendant's exception to the jurisdiction of this court and dismissed plaintiff's petition, with leave to amend, if so advised, and without prejudice, and now grants this certificate for the purpose of enabling the plaintiff to obtain a review of the Supreme Court of said jurisdictional question under the fifth section of the act of Congress approved March 3, 1891."

*Mr. J. D. Rouse* and *Mr. William Grant* for plaintiff in error.

*Mr. Edgar H. Farrar, Mr. Benjamin F. Jonas, Mr. Ernest B. Kruttschnitt* and *Mr. Henry L. Lazarus* for defendants in error.

Mr. CHIEF JUSTICE FULLER, after making the above statement, delivered the opinion of the court.

Counsel for plaintiff in error state in their argument: "We concede that neither Carr, his heirs, nor the administrator of his estate, nor the sheriff who made the sale, nor the judge who ordered the sale, possessed the necessary citizenship to sue on the warrants in the Circuit Court at the time this action was brought. But we assert on principle, that a purchaser at a sale made by authority of a probate court

derives title from none of these sources, but takes title by the adjudication of the law acting directly, *in rem*, upon the property itself."

The eleventh section of the judiciary act of 1789 provided: "Nor shall any District or Circuit Court have cognizance of any suit to recover the contents of any promissory note or other chose in action in favor of an assignee, unless a suit might have been prosecuted in such court to recover the said contents if no assignment had been made, except in cases of foreign bills of exchange."

In *Serè* v. *Pitot*, 6 Cranch, 332, the assets of an insolvent partnership passed to syndics appointed for the benefit of creditors under the laws of the Territory of Orleans, and this court held that the syndics could not sue in the Federal courts if the insolvents could not have done so. Mr. Chief Justice Marshall said: "The circumstance, that the assignment was made by operation of law, and not by the act of the party, might probably take the case out of the policy of the act, but not out of its letter and meaning. The legislature has made no exception in favor of assignments so made. It is still a suit to recover a chose in action in favor of an assignee, which suit could not have been prosecuted if no assignment had been made; and is therefore within the very terms of the law. The case decided in 4 Cranch, was on a suit brought by an administrator, and a residuary legatee, who were both aliens. The representatives of a deceased person are not usually designated by the term 'assignees,' and are, therefore, not within the words of the act."

The applicable language of the first section of the act of March 3, 1875, c. 137, 18 Stat. 470, which regulated the jurisdiction of the Circuit Courts when this suit was instituted, was as follows: "Nor shall any Circuit or District Court have cognizance of any suit founded on contract in favor of an assignee, unless a suit might have been prosecuted in such court to recover thereon if no assignment had been made, except in cases of promissory notes negotiable by the law merchant and bills of exchange."

The differences between this provision and that of the act

of 1789 are not material here. *Seré* v. *Pitot,* was decided in 1810; has been cited many times; frequently, with approval, on analogous points, *Smith* v. *Railroad Company,* 99 U. S. 398; *Corbin* v. *County of Black Hawk,* 105 U. S. 659; *Mexican National Railroad* v. *Davidson,* 157 U. S. 201; though criticised in *Bushnell* v. *Kennedy,* 9 Wall. 387, has never been overruled, and is decisive of the present case.

The title to Carr's estate passed on his death to his heirs. (Rev. Civil Code La., Arts. 940 *et seq.*) These warrants were sold at a judicial sale under authority of an order of the probate court of the parish, having the administration of the estate, by the sheriff of that parish. Glass became the purchaser, and the adjudication made and recorded by the sheriff gave him title. Rev. Civil Code, Arts. 2622, 2623. And, moreover, the Code provided that: "All the warranties to which private sales are subject exist against the heir in judicial sales of the property of successions." Art. 2624; *Deloach* v. *Elder,* 14 La. Ann. 662. The title thus obtained did not devolve on Glass in the same manner as the law devolves title by its own operation on an executor, an administrator, an heir, a universal legatee or a receiver, but was transferred by the sale and the adjudication. The purchaser at sales on judgment and execution similarly obtains title through the act of the executive officer.

Conceding that proceedings in settlement of estates in probate courts are in themselves proceedings *in rem,* yet the title to property ordered to be sold in such proceedings is not transferred by the mere order of sale, but by the sale taking place as prescribed. Its validity depends on the jurisdiction of the probate court; its transfer is accomplished in the designated way through the designated instrumentality.

In our opinion Glass came within the restriction of the statute, and the Circuit Court correctly held that jurisdiction could not be sustained. *Judgment affirmed.*