### BURCH v. SOUTHERN PAC. CO.

#### (Circuit Court, D. Nevada. July 24, 1905.)

#### No. 813.

FEDERAL COURTS—REMOVAL OF CAUSES—DIVERSE CITIZENSHIP—RESIDENCE.

Since Act Aug. 13, 1888, c. 866, § 1 [U. S. Comp. St. 1901, p. 508], providing that, when jurisdiction is founded on diverse citizenship, suit shall be brought only in the district of the residence of the plaintiff or defendant, confers a mere privilege on the defendant, which it may waive, Circuit Courts have jurisdiction over controversies wholly between citizens of different states, though neither plaintiff nor defendant is a resident of the district in which the court to which the action was removed is sitting.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, §§ 810, 811.

Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

Motion to Remand.

Henderson & MacMillan, for plaintiff.

S. Summerfield, for defendant.

HAWLEY, District Judge (orally). This action was brought in the state court by the plaintiff, who was and is a resident and citizen of the state of Utah, against the defendant, a corporation, duly organized and existing under the laws of the state of Kentucky, and therefore a resident and citizen of Kentucky, to recover damages for injuries received by plaintiff on account of the alleged negligence of defendant. The defendant, upon filing a petition and bond, secured a removal of the case to this court upon the ground of the diversity of citizenship between the parties.

The motion to remand is based solely upon the proposition that, upon the facts stated, neither of the parties being a resident or citizen of Nevada, this court has no jurisdiction of the case under the removal act of 1887–88. This question has never been directly passed upon by the Supreme Court of the United States. There are, however, numerous decisions that have been rendered upon this point by the Circuit Courts of the United States. They are not entirely unanimous. Plaintiff's counsel rely principally upon the

decision of Judge Keller in Foulk v. Gray (C. C.) 120 Fed. 156. They also cite Gebbie & Co. v. Review of Reviews Co. (C. C.) 134 Fed. 150, and claim that, as these are recent cases, the question ought to be thoroughly reviewed by this court. Counsel also cite that portion of Mexican R. R. Co. v. Davidson, 157 U. S. 201, 208, 15 Sup. Ct. 563, 39 L. Ed. 672, which refers to the case of an assignee of a cause of action, and which has no application whatever to the case in hand. The distinction between such cases and the present was clearly pointed out in Utah-Nevada Co. v. De Lamar, 133 Fed. 113, 116, 66 C. C. A. 179. Several of the earlier cases referred to by the court in Foulk v. Gray, supra, in favor of the proposition that this class of cases cannot be removed, were expressly overruled long prior to the decision in Foulk v. Gray. Especially is that true of the County of Yuba v. Pioneer M. Co. (C. C.) 32 Fed. 183, and Harold v. M. Co. (C. C.) 33 Fed. 529. In Wilson v. Western Union Tel. Co. (C. C.) 34 Fed. 561, Mr. Justice Field, referring to the Yuba County Case, said:

"The opinion in the case was written by my associate, the Circuit Judge, but I concurred in it and in the judgment which followed. I have, however, long been satisfied that we fell into an error, and I am happy that we have so early an opportunity of correcting it. Whether that case is in such a position that the motion can be renewed, and the ruling reconsidered, I am not able to state. We can, however, prevent the decision from misleading hereafter in other cases."

After construing the provisions of the act in question, he said:

"According to this construction of the two sections, the corporations of Nevada, defendants in the Yuba County Case, had a right to its removal to the Circuit Court of the United States, and we erred in remanding it back to the state court. So, in the present case, the defendant, the Western Union Telegraph Company, has a right to its removal to the Circuit Court, and, the removal being made, the motion to remand the case back to the state court must be denied. Since the decision in the Yuba County Case, the same question has been before several Circuit Courts, and the decisions rendered by them, after a careful consideration of the subject, have been against the one we made, and which we now overrule."

In Kansas City & T. R. Co. v. Interstate Lumber Co. (C. C.) 37 Fed. 3, 7, Judge Brewer, then Circuit Judge, in the course of his opinion, said:

"I am aware that in the case of Harold v. Mining Co. (C. C.) 33 Fed. 529, I concurred with Judge Hallett in an opinion different from that herein expressed, but further reflection, after hearing the question discussed at length and frequently, has satisfied me that that opinion was erroneous. It is perhaps unnecessary to carry this discussion any further, and it is enough to say that we hold that the fact that both parties are nonresidents of this district does not oust this court of jurisdiction in a case removed from the state court by a nonresident defendant."

In Sherwood v. Newport News & M. V. Co. (C. C.) 55 Fed. 1, 5, the court said:

"With the exception of a few of the earlier cases arising under this judiciary act, such as Yuba Co. v. Mining Co. (C. C.) 32 Fed. 183, and Harold v. Mining Co. (C. C.) 33 Fed. 529, which have since been expressly overruled, there has been a substantial uniformity of judgment in the Circuit Courts on the question of our jurisdiction by removal; and in accordance with such current of decision, as well as upon my own independent judgment upon this

question, which, in different forms, has several times been presented to the court, I have no doubt that this suit is removable, nor of our jurisdiction."

In this connection it is proper to state that Judge Keller, who wrote the opinion in Foulk v. Gray, participated in the decision of the Court of Appeals in Wirgman v. Persons, 126 Fed. 449, 453, 62 C. C. A. 63, where the suit was brought in North Carolina and removed into the federal court, and neither of the litigants was a citizen or resident of that state. The court said:

"We are disposed to think that there was only one controversy, and that was between the plaintiffs, citizens of New York, and Wirgman, a citizen of Pennsylvania; and we think if Wirgman, because of the relief sought by the complaint, was the only necessary defendant, and the other defendants were only formal or nominal parties, his petition for removal can be sustained as giving jurisdiction."

It will thus be seen that the number of authorities cited in support of the principles announced in Foulk v. Gray have been materially reduced. In fact, there are only a few skeleton cases, which never came up for review, that are left to support plaintiff's contention.

It is unnecessary to cite the cases at length which support the jurisdiction of the Circuit Courts in such cases. Several of them are cited in the Foulk Case, and Judge Keller there frankly admitted that numerically the greater number of cases support this rule, and that the "trend of authority is distinctly in favor of the proposition decided in Whitworth v. Railroad Co. (C. C.) 107 Fed. 557, 558," wherein the court said, "It may be regarded as conclusively established that the right of removal exists in such cases," and cites numerous authorities in support of this view, and quotes from Judge Dillon on Removal of Causes, wherein that author said:

"It is now well settled that, where the parties are citizens of different states, and the other conditions of removability are satisfied, the cause may be removed to a federal court, notwithstanding the fact that neither plaintiff nor defendant is a citizen or resident of the state where the suit is brought, or of the district within the territorial jurisdiction of the federal court to which it is to be transferred."

In Virginia-Carolina Chemical Co. v. Sundry Ins. Cos. (C. C.) 108 Fed. 451, 453, Simonton, C. J., said:

"Can this court, sitting in this district, entertain a suit wholly between citizens of other states than South Carolina, neither of whom reside in this district? Unless this court can entertain such a suit originally, these cases must be remanded. Circuit Courts have jurisdiction over controversies wholly between citizens of different states, or between citizens and aliens, when the amount in controversy exceeds $2,000, exclusive of interest and costs. Act Aug. 13, 1888, c. 866, 25 Stat. 433, § 1 [U. S. Comp. St. 1901, p. 508]. The concluding part of the section, 'but when the jurisdiction is founded on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of the plaintiff or defendant,' has been uniformly held to confer a privilege on the defendant which he can waive. Trust Co. v. McGeorge, 151 U. S. 129, 14 Sup. Ct. 286, 38 L. Ed. 98. Nor need the waiver be in express words. It is implied unless seasonable objection be made. Martin v. Railroad Co., 151 U. S. 688, 14 Sup. Ct. 533, 38 L. Ed. 311. And so the Circuit Courts of the United States have held that, unless this privilege is exercised, they can entertain a controversy, notwithstanding the fact that neither the plaintiff nor defendant is resident within this district"—citing cases.

In Memphis Sav. Bank v. Houchens, 115 Fed. 96, 101, 52 C. C. A. 176, the Court of Appeals said:

"This order of removal was properly obtained, and vested the federal Circuit Court with jurisdiction of the case; for, although neither of the parties plaintiff or defendant resided in the Eastern District of Arkansas, yet it is now well settled that a citizen of a state, who is sued in the courts of a state of which he is neither a citizen nor a resident, by a nonresident of that state, may remove the case to the federal Circuit Court of the district wherein the suit was originally brought."

In Moon on Removal of Causes, § 136, the author says:

"While it is necessary that the defendant seeking the removal of a cause from a state court be a nonresident of the state in which the suit is brought, it is not necessary that the plaintiff be a resident of such state. Both parties may be nonresidents, and the defendant have the right to remove the cause to the federal court, if the citizenship of the plaintiff is diverse from that of the defendant."

Motion to remand is denied.