TICE v. HURLEY et al.

(Circuit Court, W. D. Kentucky. April 26, 1906.)

1. COURTS—DISTRICT OF SUIT IN FEDERAL COURTS—MODE OF OBJECTING TO VENUE.

The objection of a defendant to the maintenance of an action against him in a federal court on the ground that neither he nor plaintiff is a resident of the district may be taken by demurrer under the Kentucky practice where the facts appear on the face of the petition.

2. SAME—NONRESIDENT DEFENDANT.

Under section 1 of the federal judiciary act March 3, 1887, c. 373, 24 Stat. 552, as amended by Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508], an action cannot be maintained in a federal court against a defendant who is a nonresident of the district, over his objection where the plaintiff is also a nonresident, and jurisdiction is founded only on the fact of diversity of citizenship, although the court has jurisdiction of the action by reason of the residence within the district of other defendants.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 813.]

On Demurrer to Petition.

J. Mark Worten, for plaintiff.

Flournoy & Reed and T. B. Harrison, for defendants.

EVANS, District Judge. The first section of the judiciary act of March 3, 1887, c. 373, 24 Stat. 552, as amended by Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508], after providing that the Circuit and District Courts of the United States shall have original jurisdiction concurrent with the courts of the state of certain suits of a civil nature, both in law and in equity, further provides that:

"No civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

In this action the plaintiff's claim to jurisdiction is founded only on the fact that the action is between citizens of different states. The plaintiff is a citizen and resident of Tennessee, the defendant,

Aaron T. Hurley, is a citizen of Kentucky, and a resident of this district, and the defendant, The Title Guaranty & Surety Company, hereafter called the "Guaranty Company," is a citizen of Pennsylvania, and is neither a resident nor an inhabitant of this district. This being the situation, the defendants have filed a demurrer to the petition in which they object that the court has no jurisdiction over the action. While the citizen of Kentucky who is sued is not entitled to raise an objection of this character, the Guaranty Company has the express sanction of the statute for claiming, upon the facts stated, that it cannot be sued in this court without its consent. Here there is literally a diversity of citizenship, but as the defendant, the Guaranty Company, is not a resident nor an inhabitant of this district, the question raised by its demurrer is not, according to the authorities, one of "jurisdiction," but one which relates to mere venue, and that is held to be a matter of personal privilege only. No express mode of making objection to the "venue" is prescribed, but we think we may fairly treat the demurrer as sufficient to show the objection of the Guaranty Company to being sued in a district of which neither itself nor the plaintiff is an inhabitant or a resident. As the plaintiff's petition shows the essential facts for the determination of that question, we must give force to the objection thus raised by that company by sustaining its demurrer. This practice is convenient. Our Code of Practice prescribes no such pleading as a plea in abatement as distinguished from an answer or demurrer, but we think its section 92, relating to special demurrers, should be applied.

The law in the premises has been discussed in Whitworth v. I. C. R. R. (C. C.) 107 Fed. 557, Empire Mining Co. v. Propeller Towboat Co. (C. C.) 108 Fed. 902, Burch v. Southern Ry. Co. (C. C.) 139 Fed. 350, and Central Trust Co. v. McGeorge, 151 U. S. 130, 14 Sup. Ct. 286, 38 L. Ed. 98. If the case had been brought in a state court in such form as to be removable, and the Guaranty Company had removed it, it could not then have objected to the venue, as pointed out in the Whitworth Case in 107 Fed. 557. But aside from these cases, the statute is express, and upon its provisions the defendant Guaranty Company is entitled to be exempt from being sued by this plaintiff in this district without its consent. Having by its demurrer manifested its objection to being sued here, the court must enforce the statutory provision in its favor. Its demurrer will accordingly be sustained, and the plaintiff will be given to and including the 8th day of May, 1906, within which to file an amended petition, if so advised.

The demurrer of the defendant Hurley will be overruled. As to this defendant, the "jurisdiction" is undeniable.