BROWN et al. v. BEACOM.

(Circuit Court of Appeals, Fourth Circuit. November 4, 1909.)

No. 819.

COURTS (§ 312*)—FEDERAL COURTS—JURISDICTION—"CHOSE IN ACTION"—ASSIGNMENT.

Judiciary Act March 3, 1875, c. 137, § 1, 18 Stat. 470, as amended by Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508), declares that the federal courts shall not have cognizance of any suit, except on foreign bills of exchange, to recover the contents of any promissory note or other "chose in action" in favor of any assignee or any subsequent holder, if such instrument be payable to bearer, or be not made by any corporation, unless such suit might have been prosecuted in such court to recover the contents if no assignment or transfer had been made. Complainant B. B., a citizen of West Virginia, entered a partnership with defendant and G., both residents of New York, for the exploitation of gas land and the construction and operation of a carbon plant; G. agreeing to drive the gas well on the land of complainant B. B., defendant to construct and operate the plant, the proceeds to be divided, one-third to complainant B. B., one-half to defendant, and one-sixth to G. G. thereafter assigned his interest to complainant J. B., a citizen of West Virginia, whereupon complainants sued defendant in the federal court for dissolution of the partnership and for an accounting. Held, the term "chose in action" was sufficiently broad to cover the right of complainant J. B., whether by his purchase he became a partner, or whether his right of action was limited to compensation for drilling a well out of profits earned by defendant; and hence, since G. could not have maintained an action against defendant in the federal court for such relief, such court had no jurisdiction of the joint action by G.'s assignee and his co-complainant.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 865–875; Dec. Dig. § 312.*

For other definitions, see Words and Phrases, vol. 2, pp. 1144–1148; vol. 8, p. 7602.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the Circuit Court of the United States for the Northern District of West Virginia, at Clarksburg.

Action by John W. Brown and another against Johnson W. Beacom. Decree for defendant, and complainants appeal. Reversed and remanded, for want of jurisdiction.

John Bassel, for appellants.

Melvin G. Sperry (Sperry & Sperry, on the brief), for appellee.

Before PRITCHARD, Circuit Judge, and KELLER and McDOWELL, District Judges.

McDOWELL, District Judge. The appellants were the complainants below. The bill here was filed for the dissolution of an alleged partnership between Jno. W. Brown, Buena W. Brown, and the defendant, Beacom, and for an accounting. In part the bill reads as follows:

"To the Judges of the Circuit Court of the United States for the Northern District of West Virginia:

"John W. Brown and Buena W. Brown, his wife, residents of the city of Clarksburg and citizens of the state of West Virginia, bring this their bill against Johnson W. Beacom, a citizen of the state of New York, but having a place of business in the state of West Virginia, in the Northern district thereof.

"The plaintiffs complain and say that heretofore, to wit, on the 12th day of January, 1904, they entered into an agreement with said defendant, Beacom, and one George E. De Golia, who was then and still is a citizen of the state of New York, which agreement was reduced to writing, whereby it was agreed among other things, that the said De Golia, in consideration of the sum of twenty-five hundred dollars to be paid him by the plaintiffs, was to drill a well for the production of natural gas upon a tract of land containing about three hundred acres belonging in fee simple to the plaintiff Buena W. Brown, lying at or near the village of Wilsonburg, in the county of Harrison, state of West Virginia; that the defendant, Beacom, upon his part agreed to build, erect, and furnish upon said land, or upon a small parcel of land near thereto, a building or buildings and all necessary machinery, including boiler and engine, carbon plates, pipe, and fittings, packing houses, and all other necessary machinery and buildings for the equipment of a first-class carbon black manufactory plant complete, at his own expense and cost, which plant was to be built of a sufficient size and to embrace sufficient land or space to produce fifty barrels of carbon black per day, and was to be finished and equipped at the beginning of operations to have at least a capacity of fifteen barrels of carbon per day, and was to be increased, as it became the interest of all parties to said agreement, to said full capacity of fifty barrels of carbon black per day, provided that a sufficient quantity of gas should be furnished the said Beacom by plaintiffs and said De Golia to warrant the increase per day, and said gas was at all times to be furnished to the said Beacom free of cost at the plant or factory by the plaintiffs and said De Golia so long as it could be produced from said tract of land by reasonable drilling. It was further agreed that the title and ownership of the factory or plant was to remain in the said Beacom, and that he was to have the right to remove the same at any time, should gas not be produced in sufficient quantities to justify running said plant. It was further agreed that said De Golia should drill a well to completion with all due diligence until completed for the production of gas, and was to furnish at his own expense all four-inch pipe necessary for tubing said well, and all pipe necessary to equip or furnish four-inch lines for conveying gas from such well to said plant or factory, including fittings. gates, packers, regulators, and cost of laying line and tubing well, and it was further agreed that the cost of furnishing said tubing and lines and laying the same, together with cost of fitting gates, packers,

and regulators, was to be advanced by said defendant, Beacom, and the title to such pipe, fittings, etc., was to remain in him until he was fully reimbursed for the amount so expended out of the proceeds derived from operating said plant or factory, and the same was to be deducted from the share or portion of the proceeds of said plant belonging to said De Golia.

"II. It was further agreed in said contract that of the proceeds derived from said business, after all expenses were paid, including all materials for marketing the carbon black, labor, oil, stationery, etc., the plaintiff Buena W. Brown should have two-sixths ($^2/_6$) or one-third ($\frac{1}{3}$), defendant, Beacom, three-sixths ($^3/_6$) or one-half ($\frac{1}{2}$), and the said De Golia one-sixth ($^1/_6$), and it was further agreed that all sale bills, freight bills, correspondence, and books of account used in connection with the manufacture of said carbon black and all other business pertaining thereto should be open to the inspection of all parties to said agreement, and that all parties thereto should be consulted and advised upon all matters of importance relating to said business. Copy of said agreement is herewith filed as 'Exhibit A,' and is prayed to be taken and read as part of this bill.

"III. Plaintiffs further say that plaintiff John W. Brown, on or about the 11th day of November, 1904, by deed of that date from one Harriet B. Stone, assignee or grantee of said De Golia, purchased the entire interest of said De Golia under said contract in said plant, and the plaintiffs and defendant, Beacom, are the sole and only parties now interested under said contract and in said plant, and plaintiffs are therefore entitled to receive one-half of the receipts of said plant, after paying expenses, as aforesaid. Certified copy of said deed is herewith filed as 'Exhibit B.'"

The theory of counsel for complainants is that John W. Brown became a partner by reason of his purchase of the De Golia interest and the consent of Mrs. Brown and Beacom.

We have not considered this case on the merits. In the Judiciary act of 1875 (Act March 3, 1875, c. 137, § 1, 18 Stat. 470), as amended (Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433, U. S. Comp. St. 1901, p. 508, 4 Fed. Stat. Ann. p. 266), is the following:

"* * * Nor shall any circuit or district court have cognizance of any suit, except upon foreign bills of exchange, to recover the contents of any promissory note or other chose in action in favor of any assignee, or any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover the said contents if no assignment or transfer has been made."

In the bill it is alleged that De Golia and Beacom are citizens of New York. John W. Brown is the remote assignee of De Golia of all the rights of which he is alleged to be possessed. Not only is John W. Brown a party complainant, but his interests and alleged right to relief are as entirely antagonistic to the interests of Beacom as are those of Mrs. Brown. While the clause of the statute above quoted is confusingly worded, we are of opinion that under the construction which has been put upon it (see Mexican R. Co. v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563, 39 L. Ed. 672), there is in the case before us room for discussion only as to the meaning of the term "chose in action" as used in the statute. This language is comprehensive, and seems broad enough to cover the right of John W. Brown under any aspect of this case. If he is a partner, his right of action arises ex contractu. If he is not a partner, and if his right is only to receive payment for drilling the well out of the profits earned by Beacom, still his right of action, if any, arises from an alleged breach of contract. The decisions seem to establish that such a right of action is a "chose in action" within the

meaning of the statute. See Bradley v. Rhines, 3 Wall. 393, 19 L. Ed. 467; Plant v. R. Co., 152 U. S. 71, 14 Sup. Ct. 483, 38 L. Ed. 358; New Orleans v. Benjamin, 153 U. S. 411, 14 Sup. Ct. 905, 38 L. Ed. 764; R. Co. v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563, 39 L. Ed. 672; Glass v. Concordia, 176 U. S. 207, 20 Sup. Ct. 346, 44 L. Ed. 436; North American Co. v. Morrison, 178 U. S. 262, 20 Sup. Ct. 869, 44 L. Ed. 1061. The trial court would have had no jurisdiction of a bill by De Golia and Mrs. Brown against Beacom, and hence had no jurisdiction of the suit by Mrs. Brown and De Golia's assignee against Beacom.

It follows that the cause must be remanded, with directions to the court below to dismiss for want of jurisdiction, with authority to make such order as to the costs below as shall seem to said court to be just. The costs in this court are adjudged against the appellants. Railroad Co. v. Swan, 111 U. S. 379, 388, 4 Sup. Ct. 510, 28 L. Ed. 462.

Reversed.