## PEPPER v. ROGERS.

(Circuit Court, D. Massachusetts. March 1, 1904.)

### No. 1,789.

1. FEDERAL COURTS—REMOVAL OF CAUSE—RIGHT TO REMAND—WAIVER.

Where, on the removal of a cause to the federal court, plaintiff, simultaneously with the filing of the case in such court, moved to remand, he could not be held to have waived his right thereto by appearance or otherwise.

2. SAME—RIGHT TO REMOVE—FEDERAL RECEIVERS.

Where the issues in an action brought by a federal receiver of a corporation in a state court did not raise any federal question, the fact that plaintiff was a receiver and was appointed by a federal court did not authorize defendant to remove the case to such court.

3. SAME—STATUTES—CONDITIONS—CONSTRUCTION—WAIVER.

So much of Act Cong. Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508], conferring jurisdiction on federal courts, as relates to the amount in controversy, and prohibits suits by assignees, etc., which could not have been maintained by their assignors in the federal courts, is jurisdictional, and cannot be waived, but that part prohibiting the arrest of a person in one district for trial in another, and prohibiting the bringing of civil suits against any person in any district other than that whereof he is an inhabitant, except that, where jurisdiction is founded on diversity of citizenship, the suit may be brought in the district of the personal residence of either plaintiff or defendant, relates entirely to the personal interests of the parties, and may be waived, even in a removed case.

4. SAME—ACTION BY NONRESIDENT RECEIVER.

Where a citizen of Pennsylvania was appointed receiver of a corporation by the United States Circuit Court sitting in Massachusetts, he was authorized to bring suit in the federal courts against a citizen of New York in the district of his residence; and hence, such receiver having brought the suit in the Massachusetts state courts, the defendant was authorized by Act Cong. Aug. 13, 1888, c. 866, §§ 1, 2, 25 Stat. 433, 434 [U. S. Comp. St. 1901, pp. 508, 509], to remove such cause to the federal circuit court sitting in that state.

---

¶ 4. Suits by and against receivers of federal courts, see note to **J. I. Case Plow Works v. Finks**, 26 C. C. A. 49.

In Equity.

Whipple, Sears & Ogden, for complainant.
Burrage & Hayden and Alfred Hemenway, for defendant.

PUTNAM, Circuit Judge. This is a motion to remand a case removed from the state court. All the elements authorizing removal are conceded to exist, except with reference to the citizenship of the parties to the controversy. The plaintiff sues as a receiver of a corporation, constituted as such by this court. He is a citizen of the state of Pennsylvania. The defendant, who removed the case from the state court, is a citizen of the state of New York; and whatever other parties there are to the suit, if any, are citizens of other states than Massachusetts. The plaintiff, simultaneously with the filing of the case in this court, moved to remand, as we have said. Consequently there is no possibility that we can find a waiver, as we did in Philadelphia & Boston Face Brick Co. v. Warford (C. C.) 123 Fed. 843, where, in accordance with our practice giving effect to decisions of the various Circuit Courts of Appeals in other circuits, we followed Guarantee Co. of North America v. Mechanics' Sav. Bank & Trust Co., 80 Fed. 766, 26 C. C. A. 146. We are now compelled to go deeper into the construction of the statute governing these questions than we did at that time.

The fact that the plaintiff is a receiver appointed by a federal court does not aid the defendant, because the issues involved in the case do not raise any federal question. Therefore Gableman v. Peoria Railway Company, 179 U. S. 335, 21 Sup. Ct. 171, 45 L. Ed. 220, is decisive against any right to remove the suit on that account. Indeed, no claim is made otherwise by either party.

The counsel on either side have cited to us a long list of decisions pro and con, many of which are grouped conveniently in Foulk v. Gray (C. C.) 120 Fed. 156. Only two of these decisions have authoritative weight with us. These, moreover, harmonize with the natural reading which we give the statute, which is sections 1 and 2 of the act of August 13, 1888, c. 866, 25 Stat. 433, 434 [U. S. Comp. St. 1901, pp. 508, 509]. We make no reference to any earlier statute, because, as this statute was intended to codify the law, with an undoubted further intention of modifying it, little aid can be procured from previous legislation on this particular point. Also the proposition so often urged, that this statute intended to narrow the jurisdiction of the federal courts, does not illuminate to any great extent. Such a proposition cannot contravene clear phraseology, and, more than that, while the general purpose of a statute may be in a certain direction, there may be subordinate purposes in another. In this case, while the general purpose may well be held to narrow the jurisdiction of the federal courts, yet, in regard to some particulars, it is not violent to presume that it intended to wipe out previous inequalities and inconsistencies, even though so doing involved broadening jurisdiction to a certain extent. However all this may be, we find no assistance in the interpretation of this statute arising from the application of the general proposition referred to.

The first section, which defines the jurisdiction of the Circuit Courts of the United States, has been many times commented on by the federal courts, and sufficiently for our purpose has been thus commented on by the Supreme Court. It is thoroughly settled that some portions of the section are jurisdictional in the strict sense of the word, while others relate simply to the convenience of persons who are sued or may be sued. The former cannot be waived, the latter may be. This view of the section is involved in the decisions of the Supreme Court which hold that the mere question of the district in which suit is brought may be waived by the parties, while no waiver can affect the proper jurisdictional elements, such as diversity of citizenship, amount involved, and the prohibition of suits by an assignee which could not have been maintained by the assignor. With reference to this proposition, section 1 is easily divisible into parts. The first portion imposes a condition of a sum involved of $2,000. With that exception, it vests in the Circuit Courts a full constitutional jurisdiction, using the phraseology: "The Circuit Courts of the United States shall have original cognizance" "of all suits of a civil nature" "in which there shall be a controversy between citizens of different states;" and then follows a description of other controversies, filling out the full constitutional extent to which the Circuit Courts may be given jurisdiction. Following this are provisions prohibiting the arrest of a person in one district for trial in another, and prohibiting the bringing of civil suits against any person in any district other than that whereof he is an inhabitant, except only that, where the jurisdiction is founded on the fact that the action is between citizens of different states, the suit may be brought in the district of the residence of either the plaintiff or the defendant. This, which may be regarded as the second division of this section, has uniformly been held by the Supreme Court to relate entirely to the personal interests of parties, which may be waived by them—especially by the defendant if sued out of the district of which he is an inhabitant. Then follows the third division of the section, which prohibits suits by assignees under certain circumstances. This third division is clearly for the protection of the courts, especially to render nugatory schemes to give federal tribunals jurisdiction over suits of which otherwise they would have none. It has therefore been held as strictly jurisdictional, and, like all other matters which are intended for the protection of the courts, beyond the power of the parties to waive. This was the substance of the decision in Mexican National Railroad Company v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563, 39 L. Ed. 672.

In the case last cited, at page 208, 157 U. S., page 565, 15 Sup. Ct., 39 L. Ed. 672, the opinion rendered in behalf of the court made some explanation of the propositions which we have stated. It is there said that the jurisdiction of a Circuit Court on removal is "limited to such suits as might have been brought in that court by the plaintiff under the first section," which we have been analyzing. This language might possibly have been held to be so broad as to have reference to the whole of the section, including the second division thereof, which prohibits suits except in certain districts. That such was not the intention, however, is made entirely plain by what follows: "The

question is a question of jurisdiction, as such, and cannot be waived." This last sentence applies to the case then under consideration, which was a suit brought by an assignee, and therefore, as we have said, in the third division of section 1, and strictly jurisdictional.

Turning now to the second section, which provides for removal, it opens as follows:

"Any suit of a civil nature" "arising under the Constitution or laws of the United States," "of which the Circuit Courts of the United States are given original jurisdiction by the preceding section" "may be removed by the defendant." "Any other suit of a civil nature" "of which the Circuit Courts of the United States are given jurisdiction by a preceding section" "may be removed" "by the defendant or defendants therein, being non-residents."

There is nothing in this section which contains any limitation with reference to the portions which we have cited; and this language is as broad as that of the first division of section 1, which, subject to the limitation of the amount involved, and subject also to the limitation as to suits by assignees contained in the third division of the same section, confers, as we have said, the entire constitutional jurisdiction. Therefore, inasmuch as the mere question of districts in which suits are to be brought is a personal matter, which does not affect the courts themselves, there is no reason why the language of the second section, which, with the exception of substituting the equivalent word "jurisdiction" for the word "cognizance," uses precisely the language of the first division of the first section, should be narrowed on account of the second division of that section. Therefore, as we have already said, the second section reads naturally into the first division of the first section, subject only to the limitations contained therein, and to those in the third division of which we have spoken, and which are the only strictly jurisdictional limitations found in that section.

This is a just construction of the law, which it is not presumptious to hold that Congress had in view, because it balances the privileges of the parties. The plaintiff in this case might have gone into the federal courts by suing the defendant in the district of his residence; and that privilege is equalized by permitting the defendant to go into the federal courts if the plaintiff, for some reason peculiar to himself, avoids both the district of his own residence and that of the residence of the defendant, and goes into a district of which neither of them is an inhabitant.

This natural reading of the statute is in harmony with the only decisions which we are accustomed to follow. Observing the practice to which we have referred, according to which we give effect to the decisions of the Circuit Courts of Appeals of other circuits, Memphis Sav. Bank v. Houchens, 115 Fed. 96, 102, 52 C. C. A. 176, decided by the Circuit Court of Appeals for the Eighth Circuit, is quite authoritative, although the line of reasoning therein is not entirely satisfactory. Memphis Sav. Bank v. Houchens, it may be well to observe, was decided in March, 1902, which was subsequent to Mexican National Railroad Company v. Davidson, ubi supra, so that the latter case does not impugn its authority. The most satisfactory decision, however, and one which is quite authoritative so far as we are concerned, as it was decided by Mr. Justice Gray in the Circuit Court for

the District of Rhode Island, is Amsinck v. Balderston, 41 Fed. 641, 642. This rests on the natural reading of section 2 into the first division of section 1 of the jurisdictional act, as we have already explained. In those portions of the opinion in Mexican National Railroad Company v. Davidson, at page 208, 157 U. S., page 565, 15 Sup. Ct., 39 L. Ed. 672, which we have already referred to, the chief justice, speaking in behalf of the court, cites from Tennessee v. Union Bank, 152 U. S. 454, 461, 14 Sup. Ct. 654, 38 L. Ed. 511, the expression which we have already considered. That we have given this expression the true construction apparently follows from the fact that Mr. Justice Gray delivered the opinion in Tennessee v. Union Bank on March 19, 1894, without any indication that he intended thereby to disturb the rule which he had previously stated in Amsinck v. Balderston.

We have cited all the decisions which are authoritative with us, and, in view of them, and of the natural reading of the statute as we have explained it, we conclude that the suit was properly removed to this court.

The motion of the plaintiff to remand the case to the Supreme Judicial Court for the county of Suffolk and commonwealth of Massachusetts, from which it was removed, is denied.