## SULLIVAN v. AYER.

(Circuit Court, E. D. Pennsylvania. November 26, 1909.)

No. 23.

1. COURTS (§ 312*)—JURISDICTION OF FEDERAL COURTS—SUITS BY ASSIGNEE.

Under the federal judiciary act (Act March 3, 1887, c. 373, § 4, 24 Stat. 554 [U. S. Comp. St. 1901, p. 514]), which makes national banks citizens of the state in which they are located for the purposes of the jurisdiction of a federal court, and section 1 of the same act, providing that such courts shall not have cognizance of any suit on a chose in action brought by an assignee, unless such suit might have been maintained in that court if no assignment had been made, the assignment of a chose in action by such a bank does not vest the assignee with the right to maintain an action thereon in a federal court against a citizen of the state in which the bank is located.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 312.*]

2. COURTS (§ 312*)—JURISDICTION OF FEDERAL COURTS—SUIT BY ASSIGNEE ON CHOSE IN ACTION.

A national bank located in Pennsylvania recovered a judgment in the Supreme Court of New York against a New York corporation and issued an execution thereon, which was returned unsatisfied. The bank then assigned the judgment, with all its rights, to plaintiff, a citizen of New York, who brought suit thereon in a federal court in Pennsylvania

against a citizen of that state to enforce his statutory liability un·_r the laws of New York as a stockholder of the judgment defendant. *Held,* that such suit was one to recover the contents of the judgment, which was a chose in action, within the meaning of section 1 of the federal judiciary act of 1887 (Act March 3, 1887, c. 373, 24 Stat. 552 [U. S. Comp. St. 1901, p. 508]), and, since it could not have been maintained by the bank in such court, could not be by plaintiff as its assignee.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 312.*]

In Equity. Suit by James M. Sullivan against F. Wayland Ayer. On motion by defendant to dismiss for want of jurisdiction. Motion sustained.

Smith & Burns, for plaintiff.

Sheldon Potter and Henry T. Dechert, for defendant.

J. B. McPHERSON, District Judge. This suit is brought by James M. Sullivan, a citizen of New York, against F. Wayland Ayer, a citizen of Pennsylvania and a resident of the Eastern district. Without more, these facts would show that a controversy apparently exists which is within the jurisdiction of the Circuit Court, because of diverse citizenship between the parties. When the statement of claim was filed, however, it appeared that the cause of action arose in the following manner:

In June, 1900, the Elmira Steel Company, a corporation of the state of New York, made a promissory note to the order of C. R. Baird & Co., payable in four months. This note was duly indorsed by Baird & Co., and was afterwards transferred before maturity to the Yough National Bank of Connellsville, Pa. In November, 1900, the bank obtained judgment in the Supreme Court of New York against the Steel Company and Baird & Co., and issued execution thereon. The writ was returned unsatisfied, and afterwards (but before October 12, 1900, the day when the present suit was brought) the bank—

"duly sold, assigned, and transferred to this plaintiff all of its right, title, and interest in and to said judgment, and all of the rights and remedies to which it was or might become entitled under and by virtue of the laws of the state of New York, by reason of being the owner of said debt and of the subsequent proceedings taken by it for the collection of the same and by virtue of the corporation laws of the state of New York."

The statement of claim then goes on to aver that the defendant was a stockholder in the Steel Company, and that by virtue of such holding he was liable under the laws of New York for the full amount of the judgment. Upon these facts the defendant moves to dismiss the suit, taking the position that the plaintiff is proceeding upon a chose in action, and that the title thereto is derived from an assignor, who could not have maintained the action in this court.

In considering this position, it should first be observed that the original note was merged in the judgment. As was said in Ober v. Gallagher, 93 U. S. 206, 23 L. Ed. 829:

"The note was no longer in existence as an outstanding liability. It had been merged in the judgment, and was, as a note, extinguished. Gallagher no longer claims as the assignee of the note, but as the owner of a judgment in his favor against Thompson."

In the collection of its judgment, therefore, the bank no longer proceeded upon the note, and upon the assignment or indorsement thereof, but upon the judgment itself. If the bank had been thus proceeding against Ayer in this court to enforce the statutory liability (whatever that may be) created by the laws of New York, it would have been met by the objection that the action could not be maintained in this forum, because the following provision of Act March 3, 1887, c. 373, § 4, 24 Stat. 554 (1 U. S. Comp. St. 1901, p. 514), is in the way:

"Sec. 4. All national banking associations established under the laws of the United States shall, for the purposes of all actions by or against them real, personal or mixed, and all suits in equity, be deemed citizens of the states in which they are respectively located; and in such cases the Circuit and District Court shall not have jurisdiction other than such as they would have in cases between individual citizens of the same state."

This being so, it follows, I think, that section 1 of the same statute (24 Stat. 552 [1 U. S. Comp. St. 1901, p. 508]) forbids the plaintiff also, as assignee of the bank, to maintain the suit in this court. The relevant language of the section is as follows:

"Nor shall any Circuit or District Court have cognizance of any suit * * * to recover the contents of any promissory note or other chose in action in favor of any assignee * * * unless such suit might have been prosecuted in such court to recover the said contents if no assignment or transfer had been made."

The remaining question, therefore, is whether the present action is brought to recover the contents of a chose in action, and upon this question the decisions seem to leave no room for doubt. A judgment is a chose in action. The contents of a judgment, like the contents of the promissory note of which Chief Justice Marshall was speaking in Sere v. Pitot, 6 Cranch, 335, 3 L. Ed. 240, "are the sum it shows to be due"; and this suit is brought to recover the sum due upon the judgment recovered by the bank, because that record forms the indispensable foundation of the action. If this were an action of debt upon the judgment, in which the Steel Company was pursued before some other tribunal than the Supreme Court of New York, there could, of course, be no doubt that the suit was brought to recover the contents of the judgment. And, while it is true that the present proceeding is not directed against the Steel Company, and that the judgment alone would not support a recovery against the defendant Ayer, it is also true that the plaintiff is seeking to recover from him the sum due upon the judgment, and nothing else. The liability of the defendant depends upon the relation he bears to the Steel Company, and this, therefore, is a necessary part of the inquiry; but the object of the suit is to obtain a satisfaction of the judgment, and the enforcement of his statutory liability is merely a means to that end. When the money due upon the judgment is collected, its contents are recovered, and it is only a step in the process of recovery to invoke the defendant's liability as a stockholder. Corbin v. Black Hawk County, 105 U. S. 659, 26 L. Ed. 1136; Shoecraft v. Bloxham, 124 U. S. 730, 8 Sup. Ct. 686, 31 L. Ed. 574; Mexican Railroad Co. v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563, 39 L. Ed. 672.

The rule to dismiss is made absolute.