BOGUE v. CHICAGO, B. & Q. R. CO.

RICHEY v. ATCHISON, T. & S. F. RY. CO.

(District Court, S. D. Iowa.  February 29, 1912.)

1. COURTS (§ 276*)—RESIDENCE—PLACE OF BRINGING ACTION.

    The provisions of Judiciary Act (Act March 3, 1875, c. 137, § 1, 18 Stat. 470) as amended by Act March 3, 1887, c. 373, 24 Stat. 552, and corrected by Act. Aug. 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508), that, where federal jurisdiction is founded only on diversity of citizenship, suit shall be brought only in the district of the residence of either plaintiff or defendant, are not jurisdictional, but plaintiff has a legal right to bring his action in any district in the United States, other than that of the state whereof both are citizens, and, in the event of lawful service in a district in which neither resides, the case may proceed to a valid judgment, unless defendant timely objects and asserts his privilege to have the case heard in a district in which one or the other resides.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 815; Dec. Dig. § 276.*

    Diverse citizenship as a ground of federal jurisdiction, see notes to Mason v. Dullagham, 10 C. C. A. 249; Shipp v. Williams, 27 C. C. A. 298.]

2. REMOVAL OF CAUSES (§ 12*)—RIGHT TO REMOVE—"RESIDENCE"—RAILROADS —LOCATION—"INHABITANT."

    Judiciary Act (Act March 3, 1875, c. 137, § 1, 18 Stat. 470), as amended by Act March 3, 1887, c. 373, 24 Stat. 552, and corrected by Act Aug. 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508), provides that the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Circuit Courts of the United States shall have original cognizance of suits in which there shall be a controversy between citizens of different states, but. where jurisdiction is founded only on diversity of citizenship, suit shall be brought only in the district of the residence of either plaintiff or defendant. Section 2 declares that any other suit of which the Circuit Courts of the United States are given jurisdiction by the preceding section may be removed to the Circuit Court for the proper district by the defendant or defendants therein, being nonresidents of that state. *Held*, that the words "residence" and "inhabitant" are used in such act synonymously, and hence, where railroads incorporated in other states operated a part of their line in Iowa and were served there, they had a "residence" in Iowa, so that, other jurisdictional requisites being present, nonresidents having been injured in Iowa on such railroads could have sued originally in the federal courts sitting in that state, and therefore suits brought by them in the state courts were subject to removal.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 32, 33; Dec. Dig. § 12.*

For other definitions, see Words and Phrases, vol. 4, pp. 3594–3604; vol. 8, p. 7687; vol. 7, pp. 6151–6161; vol. 8, p. 7788.]

3. REMOVAL OF CAUSES (§ 32*)—CITIZENSHIP—REPRESENTATIVE PARTY—AGENT OR TRUSTEE.

The rule that the citizenship of an executor, administrator, guardian, or receiver. rather than that of the beneficiary, is to be looked to in determining the question of jurisdiction of a federal court. does not apply to a mere agent or trustee for the use of another whose agency is not one coupled with an interest, but is revocable at any time, in which case the citizenship of the beneficiary controls.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 75; Dec. Dig. § 32.*]

At Law. Actions by Frank G. Bogue against the Chicago, Burlington & Quincy Railroad Company, now pending in the Ottumwa division, and by Edward D. Richey against the Atchison, Topeka & Santa Fé Railway Company, now pending in the Eastern division, of the Southern district of Iowa. On motions to remand. Denied.

S. V. Reynolds and McCoy & McCoy, for plaintiff Bogue.

Burrell & Devitt, McNett & McNett, and W. D. Eaton, for defendant Chicago, B. & Q. R. Co.

Felix T. Hughes, for plaintiff Richey.

Thomas R. Morrow, James P. Gilmore, John H. Lathrop, and Hazen I. Sawyer, for defendant Atchison, T. & S. F. Ry. Co.

SMITH McPHERSON, District Judge. Each of these cases presents the question as to whether it is removable from a state court to this court. Each case is one of a civil nature, with the requisite jurisdictional amount involved, and each presents a controversy between citizens of different states. But, does either defendant, because of the residence of the parties, have the right of removal?

The facts are: Bogue, the one plaintiff, is a citizen and resident of Nebraska. The defendant Chicago, Burlington & Quincy Railroad Company is a corporation organized under the laws of Illinois, with general offices in that state, and with its line of road across Illinois, Iowa, Nebraska, and other states. The cause of action, an al-

leged wrongful act resulting in death, occurred in Iowa. The action was brought in the Mahaska county district court. Richey, the other plaintiff, is a citizen and resident of Missouri. He brought this action in the district court of Lee county, Iowa, for an alleged wrongful act in Missouri, resulting in his injury. The defendant Atchison, Topeka & Santa Fé Railway Company is a corporation organized under the laws of the state of Kansas, with general offices in that state, and with a line of road across Illinois, Iowa, Missouri, Kansas, and other states. Each of the cases was brought, and the removal proceedings filed, during the year 1911, so I conclude that the Judicial Code effective January 1, 1912, is not controlling. However, that is not important, as the right of removal is not changed, other than the jurisdictional amount, and the procedure. And neither the amount nor the procedure in these cases affects the question now for decision. These attempted removals are based only on diversity of citizenship, under sections 1 and 2 of the judiciary act of March 3, 1875, as amended in 1887 and corrected in 1888. It is provided by that statute:

"Sec. 1. That the Circuit Courts of the United States shall have original cognizance * * * and arising under * * * in which there shall be a controversy between citizens of different states. * * *

"But where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant.

"Sec. 2. * * * Any other suit * * * of which the Circuit Courts of the United States are given jurisdiction by the preceding section * * * may be removed into the Circuit Court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state.

"And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the Circuit Court of the United States for the proper district."

Under section 1, could Bogue, a citizen and resident of Nebraska, have brought his action in this court by original proceedings against the Burlington Company, an Illinois corporation, but with a line of road through this district? And could Richey, a citizen and resident of Missouri, have brought his action in this court by original proceedings against the Santa Fé Company, a Kansas corporation, but with a line of road through this district?

In so far as I can learn by personal research and from briefs of diligent counsel, this question has not been considered by the Supreme Court. Nor has it been determined by written opinion by any court on the circuit. This statement is challenged by the citation of In re Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264. Until the opinion in that case was filed, many lawyers and judges were of the belief that when a plaintiff, either resident or nonresident, brought a personal action in any court, he surrendered himself, not only to that court, but to all other courts to which his case could be carried under any law by change of venue, by appeal, by writ of error, by certiorari, or by any other proceeding for removal. Not only so, but

in an action brought by a nonresident plaintiff the defendant could in such case file a set-off, cross-demand, counterclaim, or cross-bill, and thereby acquire jurisdiction over a nonresident plaintiff. But such belief was a mistaken one as to proceedings for a removal from a state to a United States court.

There are but two things to be said as to the Wisner Case, and, when said, it cannot longer be urged as an authority in the cases now before this court: (1) Much of the opinion is unsound dictum. In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164. (2) Both parties to the action In re Wisner were individuals. Wisner, the plaintiff, was a citizen and resident of Michigan. Defendant Beardsley was a citizen and resident of Louisiana. The action was brought in a Missouri state court. By reason of garnishment proceedings Beardsley entered his appearance. The defendant, by filing his removal papers, waived the question as to the district. But it was held that the plaintiff by bringing his action, and doing no other thing, had not waived. Such is the Wisner Case. It is not an authority on the question now before this court. Nor is either of the cases Shaw v. Quincy Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768, or In re Keasbey, 160 U. S. 221, 16 Sup. Ct. 273, 40 L. Ed. 402, in point. In the first of those cases all of the property of the corporation, to work which it was incorporated, was in Michigan. It had only an agency in New York where it was sued. And the Keasbey Case depended on like facts.

In each of the two cases at bar personal service was made on a station or ticket agent. In the absence of an appearance and answer, default would have been entered and personal judgments rendered. And why? The railroads are within the state. When constructed, for physical reasons they cannot be removed. And a railroad charter, whether by reason of a special statutory charter, or whether created under general laws, a contract with the state is thereby entered into requiring the road to be operated in perpetuity. It is in the state to forever remain. It cannot leave. Does or can any one doubt the validity of statutes authorizing personal judgments against a railway company within the state by reason of express statutory consent, agreed to by the railway company organized under the laws of another state?

[1] Plaintiffs' counsel, both in oral argument and by brief are utterly mistaken as to the effect of the statute prescribing a place of bringing an action. The statute is in no sense jurisdictional. The plaintiff has the legal right to bring his action in any district in the United States other than where both are citizens of the same state. And there, in the event of lawful service, the case will go to a valid judgment, unless the defendant timely objects to plaintiff maintaining the case in a district other than where either the one or other party resides. It is a mere privilege that the defendant can waive or timely protest against. It is not jurisdictional.

Section 3447, par. 3, of the Iowa Code, provides that an action for tort, such as pleaded in these cases, is barred by limitation in two

years from the time action accrues. Section 3451 of the Iowa Code recites:

"The time during which a defendant is a nonresident of the state shall not be included in computing any of the periods of limitation above described."

The Iowa Supreme Court has decided that residence, and not citizenship, was what was contemplated by that statute. Savage v. Scott, 45 Iowa, 130. And that court also has decided that a foreign corporation like a railway company, with a line of road within the state, may take advantage of the limitation of two years under section 3447. Wall v. Chicago & North Western R. R., 69 Iowa, 498, 29 N. W. 427.

The question was considered by Judge Love, sitting in this district, in case of McCabe v. Illinois Central Railroad Company, 13 Fed. 827, 4 McCrary, 492. In that case the defendant was an Illinois corporation with its line of road extending into this state. The opinion is exhaustive. The authorities cited are numerous, including a number by the Supreme Court of the United States. The writer of that opinion was a very able jurist, as all who knew him well know. And he follows that ruling as to a residence in a county in 4 McCrary, 566, 14 Fed. 323, in case of Guinn v. Iowa Central Ry. In Shainwald v. Davids et al. (D. C.) 69 Fed. 704, a bill in equity was entertained against an insurance company organized in another state, but doing business in the state where suit was brought. A like question, on similar facts, decided in the same way, against a surety company, was before the court in case of United States v. Sheridan et al. (D. C.) 119 Fed. 236.

Before the reorganization, the Union Pacific Railroad Company existed under a congressional statute, and therefore, when sued, a federal question was presented. That company is now a Utah corporation. The cases against that corporation are numerous, wherein jurisdiction was entertained by original proceedings in the various states through which its line of road extends. The bar and the courts have so understood for years.

[2] So that both by argument and reason, as well as by the authorities cited, it seems that either Bogue or Richey could have brought and maintained to a conclusion his case in this court in this district, regardless of a protest by either defendant.

In Mexican National R. R. v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563, 39 L. Ed. 672, it was held that the right of removal depended upon the right to have brought the action originally under section 1 of the act of 1888. It is true that there was the question of jurisdiction as to citizenship, and not a question of privilege as to residence. But the question is often stated to be that sections 1 and 2 are construed together, and that each should and will receive a like construction.

Section 2 recites, "Any other suit * * * of which the courts of the United States are given jurisdiction by the preceding section" may be removed. The one clause of section 2 is to the effect that

a removal can only be obtained by a nonresident of the state. The other paragraph (argued as though referring to a separable contro-versy only) allows a defendant, regardless of residence, to obtain a removal. By reason thereof, it is urged that, if the defendant railroad company is organized under the laws of another state, and there has its citizenship, it cannot by reason of operating a line of road within this district have a residence here under section one, and be a resident of the state where incorporated. To restate the position of counsel for the plaintiffs, the company must be an inhabitant and resident of but one state only. Each of these defendants has an actual residence within the state where incorporated. There they have general offices, with general officers there on duty. Within the state where incorporated, each company has many hundreds of miles of road. No one can deny but that each company there has an actual being, and an actual bona fide residence. And that is not at all incompatible with having a residence in another state for suable purposes. These defendant companies are not mere paper corporations. And they are not corporations organized for no business purpose within such state, other than advertised purposes to make matters run smoothly, and to obtain license fees to swell depleted state treasuries. The one was organized in Illinois, with millions of dollars invested in its corporate purposes, with the obligations to there pay large sums in taxes, and to be amenable to Illinois laws. The other company was organized in Kansas, where it has done a like work, made like investments, and is under like obligations as is the other company. And in such state it has a residence. It does not follow that there it has the residence, or only residence. But there it has one residence. If an individual, he could have but one residence, and, if but one continuous residence in Illinois or Kansas, the statute of limitations would not run in his favor on a cause of action arising in Iowa. That a corporation has a residence where incorporated, and where its offices are, and where part of its visible tangible property is, and where it operates part of its property, cannot be in doubt. Does any one doubt that in an action brought in an Iowa court by an Iowa citizen against either of these defendants that such defendant is entitled to a removal? Such is the practice followed by all courts, trial and appellate, state and national. Such is so elementary and so well known as not to be the subject of serious argument. The words "inhabitant," "residence," and "resident," as used in the statute, are synonymous. To hold otherwise is to add confusion.

It is true that the various statutes respecting jurisdiction of United States courts show a limitation from time to time. But, on the other hand, as respects corporations it has been a matter of growth, just as there has been a growth of business by corporations. At first there were but few corporations, and no railways. Then there were a few railways, but none doing business outside of the state of its incorporation. Then a few interstate railways came into existence. And now the railways wholly within one state are few in number. And it is not surprising that the case of Bank v. Devaux, 5 Cranch, 61, 3 L. Ed. 38, was decided as it was, holding that a corporation

could only sue or be sued in a United States court when all the stockholders were citizens of a state or states other than the state wherein the adverse party was a citizen. But such holding soon proved to be an anomaly. And in time (1844) the case of Louisville R. R. v. Letson, 2 How. 497, 11 L. Ed. 353, was decided, making the logical holding that the citizenship of a corporation shall be that of the state wherein incorporated. Any other holding would make the diverse citizenship clause of the Constitution, and the like clause in all statutes with reference to jurisdiction for the past 60 years a nullity as to corporations. And these statutes must be construed only with reference to the rights of the parties; not on doubts, but as the statute requires construction. For the reasons stated, the holding is that each of the cases is removable, and the motions to remand will be overruled.

[3] The motion to remand the Bogue Case will be overruled for another reason. The wrong complained of resulted in a death. The decedent at his death was a resident and citizen of Iowa. He left surviving him a widow and children, all of whom then were, and still are, citizens and residents of Iowa. An administratrix was timely appointed by an Iowa court, who then was, and still is, a citizen and resident of Iowa. The alleged wrong was committed in Iowa, but for the laws of which state in no event could there be a cause of action. The Iowa statutes not only create the cause of action, but provide that the cause of action inures to the administrator, for the use of the widow and children, free from the debts of the estate. Such being the law, and such the facts, the plaintiff Bogue claims the right to take an agency by writing to collect the claim, and, after paying himself his expenses, to place the balance back with the administratrix. The probate court having the sole control of the administratrix is ignored. The agency or power of attorney is not coupled with an interest, and therefore revocable at any time. So that Bogue's claim is one wholly without interest or value to him. His account will be balanced by the amount of his expenses on one side, and his withdrawal from the recovery an amount equaling his expenses on the other. His citizenship is not at all material. If allowed to proceed, his recovery will be for the use and benefit of the administratrix. And in such a case the citizenship of the administratrix alone is controlling. The administratrix alone can receive from the registry of this court the recovery obtained, and she alone under direction of the probate court can make distribution of such recovery. The citizenship of an executor, administrator, guardian, or receiver determines the jurisdiction, because such an officer has the legal title under his appointment by judicial proceedings. But such is not the rule where a person is a mere agent or trustee for the use of another. In such a case the citizenship of the beneficiary controls.