STATE BANK OF SWEA CITY, IOWA, v. CHICAGO & N. W. RY. CO.

(District Court, N D. Iowa, C. D. June 26, 1922.)

No. 146.

1. **Removal of causes ⊚⇒34—Suit by assignee of bill of lading is not removable, unless original parties were of diverse citizenship; "chose in action."**

A bill of lading is a "chose in action," within Judicial Code, § 24, subd. 1 (Comp. St. § 991), providing that the District Court shall not have cognizance of any suit to recover upon any promissory note or any chose in action in favor of an assignee, unless such suit might have been prosecuted in such court if no assignment had been made, so that a suit by an assignee of the bill of lading cannot be removed from the state court on the ground of diversity of citizenship, unless the original parties to the bill of lading were citizens of different states.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Chose in Action.]

2. **Removal of causes ⊚⇒86(2)—All jurisdictional facts must be alleged to sustain removal.**

Since the original Judiciary Act was amended, so as to confine suits which might be removed to those of which courts of the United States had original jurisdiction, all jurisdictional facts must be alleged to sustain a petition for removal, and a cause must be remanded, where the action was brought by the assignee of a bill of lading, and the petition, seeking removal solely on the ground of diversity of citizenship, does not show such diversity between the defendant and the original party to the bill of lading.

At Law. Action by the State Bank of Swea City, Iowa, against the Chicago & Northwestern Railway Company, begun in the state court and removed by defendant to the federal court. On plaintiff's motion to remand. Motion sustained.

E. A. & W. H. Morling, of Emmetsburg, Iowa, for plaintiff.

Sullivan & McMahon, of Algona, Iowa, and Adams & Hise, of Des Moines, Iowa, for defendant.

SCOTT, District Judge. The plaintiff, State Bank of Swea City, Iowa, an Iowa corporation, brought this action against the Chicago & Northwestern Railway Company, an Illinois corporation, in the district court of Iowa for Kossuth county, and demanded judgment in the sum of $3,593.45 as damages. Plaintiff alleges as cause of action: That prior to April 26, 1921, it advanced certain moneys to the Smith Produce Company for the purchase of eggs. That said Smith Produce Company purchased said eggs and delivered them to the defendant, loading same into one of defendant's cars for transportation from Swea

City, Iowa, to the city of New York in the state of New York. That the defendant to represent said shipment issued and delivered to Smith Produce Company its bill of lading for said car of eggs, consigned to the order of Smith Produce Company at destination with instructions to notify Mesh & Co. at New York. That Smith Produce Company thereupon drew its sight draft on Mesh & Co. of New York for $3,-593.45 in favor of the plaintiff, attached the same to said bill of lading, and indorsed and delivered the bill of lading to the plaintiff. That the plaintiff forwarded said draft and bill of lading through certain banks for presentation and delivery of bill of lading on payment of said draft, and that payment was refused. That the defendant so received said shipment of eggs, and, having issued such bill of lading, wrongfully delivered said eggs to persons not authorized to receive them without requiring the surrender of said bill of lading, and has converted said shipment of eggs, and that the plaintiff is damaged in the sum stated.

The defendant by counsel appeared in the state district court, and within proper time gave notice and filed its petition for the removal of said cause to the District Court of the United States for the Northern District of Iowa, and in its petition alleged that the plaintiff was a citizen of Iowa, and that the defendant was a citizen of Illinois, and that the amount in controversy exclusive of interest and costs exceeded the sum or value of $3,000. Thereupon an order of removal was made and transcript of the record duly filed in this court. Upon the docketing of said cause the plaintiff by counsel appeared and filed a motion to remand "for the reason that the record fails to show that the case is removable or one of which this court would have original jurisdiction."

The motion to remand was submitted without argument or brief. The court, however, assumes that the motion is directed at defendant's failure to allege in its petition for removal diverse citizenship of the original parties to the bill of lading.

[1] Section 24, subdivision 1, chapter 2, of the Judicial Code (Comp. St. § 991), provides:

"No District Court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made."

The suit in question is not on a promissory note. The question therefore remains whether it is on an "other chose in action in favor of an assignee" within the meaning of the prohibition above quoted. If it is such chose in action, then this court cannot take jurisdiction, unless such suit might have been prosecuted in this court, if no assignment had been made. In Bushnell v. Kennedy, 9 Wall. 387, 19 L. Ed. 736, the Supreme Court of the United States said:

"That the indebtedness of Bushnell to Mills & Frisby was a chose in action cannot be doubted; for under that comprehensive description are included all debts, and all claims for damages for breach of contract, or for torts connected with contract."

It is also there said:

"Nor can it be denied that every suitor who brings an action in a court of the United States must aver in his pleadings a state of facts which, under the National Constitution and laws, gives to the court jurisdiction of his suit."

In the opinion of this court the federal courts have consistently adhered to the proposition first above quoted, and in the opinion of this court the action at bar is one upon a chose in action within the meaning of the prohibition contained in section 24 of the Judicial Code referred to.

[2] As to the second quotaton above set forth, it will be remembered that in Bushnell v. Kennedy, supra, it was held that the rule as to pleading the full jurisdictional facts did not apply to a removal case; that section 12 of the original Judiciary Act differed from section 11, and therefore the rule was reversed. The rule of pleading laid down in Bushnell v. Kennedy was adhered to under the Act of March 3, 1875. Claflin v. Insurance Co., 110 U. S. 81, 3 Sup. Ct. 507, 28 L. Ed. 786. But the act of 1887 (as corrected by the act of 1888) changed the existing law in that respect, "confining the suits which might be removed to those 'of which the courts of the United States are given original jurisdiction,'" etc. Mexican National Railroad v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563, 39 L. Ed. 672. Since the decision in Mexican National Railroad v. Davidson, the rule has been that the jurisdictional facts must all be alleged. There being no allegation in the petition for removal showing diverse citizenship between the Smith Produce Company and the defendant and the petition for removal being exclusively upon the ground of diverse citizenship, it follows that jurisdiction of this court is not shown upon the record, and the plaintiff's motion to remand should be sustained.

### Order.

Upon consideration of the plaintiff's motion to remand and due examination of the record, it is ordered that this cause be remanded to the district court of the state of Iowa in and for Kossuth county, at defendant's cost.